## GROTH *v*. SINGERMAN.

1. APPEAL AND ERROR—DIRECTED VERDICT—MOTION TO DISMISS.
   Defendants' motion for a "directed verdict" in chancery suit is treated on appeal as a motion to dismiss plaintiffs' bill of complaint.

2. TRIAL—MOTION TO DISMISS—EVIDENCE.
   On motion to dismiss at conclusion of plaintiffs' evidence the testimony introduced on their behalf must be considered in the light most favorable to their contentions.

3. SAME—MOTION TO DISMISS—DEFENDANTS BOUND BY FACTS PROVED IN PLAINTIFFS' CASE.
   On defendants' motion to dismiss at conclusion of plaintiffs' evidence, defendants choose to rest their case on such evidence and are bound by the facts proven thereby.

4. FRAUD—PRESUMPTIONS—EVIDENCE.
   Fraud will not be presumed but must be proved.

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 3 Am Jur, Appeal and Error, § 944 *et seq.*
[3] 53 Am Jur, Trial, § 340.
[4] 24 Am Jur, Fraud and Deceit, § 256.
[5, 6] 24 Am Jur, Fraud and Deceit, §§ 255, 278.
[7] 3 Am Jur, Appeal and Error, § 823.

5. Same—Evidence—Burden of Proof.

    One seeking relief in the chancery court on the ground of
    fraud must establish the fraud by convincing evidence.

6. Same—Deeds—Evidence.

    Evidence failed to establish misrepresentation or fraud on part
    of defendants in suit to cancel quitclaim deed, where it ap-
    pears they knew they were signing deed to property de-
    scribed and had the title thereto as sole devisees of owner.

7. Appeal and Error—Questions Reviewable—Laches—Fraud.

    Question of laches in suit to set aside quitclaim deed, brought
    some 11 years after its execution, is not considered, where
    plaintiffs failed to sustain their burden of proving misrep-
    resentation or fraud on part of defendants.

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted June 8, 1950. (Docket No. 36, Calendar No.
44,758.) Decided October 2, 1950. Rehearing de-
nied December 5, 1950.

Bill by Albert H. Groth, as executor of estate of
Maria Groth, deceased, and individually with his
wife, against Abraham M. Singerman and wife to
set aside a quitclaim deed. Decree for defendants.
Plaintiffs appeal. Affirmed.

*J. H. M. Alexander,* for plaintiffs.

*Louis M. Davis,* for defendants.

Sharpe, J. This is a suit in chancery for the can-
cellation of a quitclaim deed. On November 24, 1948,
plaintiffs, Albert H. Groth as executor of the estate
of Maria Groth and Albert H. Groth and wife, in-
dividually, filed a bill of complaint in the circuit
court of Macomb county in which it is alleged that
one Maria Groth died in Wayne county in the year
1930; that at the time of her death she was the owner
of a parcel of real estate located at 75 Church street,
Mt. Clemens, Macomb county, Michigan, of the value
of $3,700; that Albert H. Groth is the executor of the

estate of Maria Groth, deceased, now pending in the probate court of Wayne county; that after the death of Maria Groth, defendants, Abraham Singerman and Rose Singerman, his wife, went to plaintiffs' farm in Sanilac county and told plaintiffs that they wanted to buy the Church street property, but plaintiffs refused to execute a deed of such property; that at a later time defendants again came to see plain* tiffs and advised them that they could execute a conveyance of the property to defendants and had prepared a deed for that purpose; and that plaintiffs for the sum of $10 signed and delivered the deed to defendants.

Defendants filed an answer to the bill of complaint in which they admit that Albert H. Groth is the executor of his mother's estate; that the present value of the property is approximately $3,700; and that at the time of the execution of the deed they had no order from the probate court authorizing such transfer. Defendants deny that the estate of Maria Groth had any interest in the property in question at the date of the execution of the quitclaim deed; that on said date defendants had a valid title to said property; that plaintiff Albert H. Groth failed to redeem said property when it was sold for taxes and the title of defendants' predecessor in title was perfect at the time defendants took title and possession of said premises. Defendants also assert that plaintiffs having waited 11 years to institute suit are guilty of laches.

When the cause came on for trial both plaintiffs testified in their own behalf. The substance of their testimony was that at first they did not want to sign the deed, but later, after being assured by defendant Abraham Singerman that it was satisfactory with the probate court, they went to a notary public and signed the deed; that at the time of signing the deed the notary public asked them whether or not they

knew they were signing a blank deed; and that at the time they signed the deed they knew it was a quitclaim deed and it conveyed some interest in the property.

At the close of plaintiffs' proof, defendants' counsel made a motion for a "directed verdict" on the basis that plaintiffs had not offered any testimony showing fraud in the procuring of the deed; and that waiting 11 years to bring the action made them guilty of laches as a matter of law.

The trial court granted defendants' motion to dismiss plaintiffs' bill of complaint and in an opinion stated:

"I will say that it is based upon 2 things. In the first place, no fraud is shown. I think basically that is the essence of your case. Both Mr. Groth and Mrs. Groth have testified, Mr. Groth specifically that is what he intended to convey by that deed, he intended to convey that property in Mt. Clemens. Mrs. Groth testified she saw but one side of the deed, she doesn't know what was on the other side. As a matter of fact, if that deed had not been filled in at that time, it would still have the effect substantially of the deed anyway. These things were all written in anyway and that's a matter of determination, but due to her inexperience she may have thought it was not sufficient. I think there has been laches, but without laches, there has been no showing of fraud sufficient to warrant the objection that the deed is a good and proper conveyance."

Plaintiffs appeal and urge that under the proofs shown in this case defendants were guilty of unconscionable and fraudulent dealings in obtaining the quitclaim deed which warrants its cancellation in a court of equity.

In this case we shall treat defendants' motion for a directed verdict as a motion to dismiss. In *John A. Parks Co.* v. *General Discount Corporation*, 294

Mich 316, defendants made motions to dismiss plaintiffs' bill of complaint at the close of plaintiffs' proof. We there said:

"It is a well-established principle that on motion to dismiss, the testimony introduced on behalf of plaintiff must be considered in the light most favorable to plaintiff's contentions.

"In *Hirtz* v. *Koppes,* 212 Iowa 536 (234 NW 854), the court said:

"'At the conclusion of plaintiff's evidence in the court below the defendant moved to dismiss. He thereby chose to rest his case on plaintiff's evidence and is bound by the facts as proven thereby.'"

It is a well-established doctrine that fraud will not be presumed, but must be proved.

In *Zimmerman* v. *Feldman,* 217 Mich 390, 399, we said:

"When one bases his claim for relief upon the ground of fraud it becomes his duty to establish the fraud by evidence that is convincing that the fraud was perpetrated."

See, also, *Achenbach* v. *Mears,* 272 Mich 74.

The fraud relied upon is that defendants represented to plaintiffs that they had been to the probate court; and that the probate court wanted plaintiffs to execute the deed to the property.

Plaintiff Albert H. Groth testified:

"*Q.* You intended this to be a deed to the property did you not?

"*A.* To a certain extent, yes.   *   *   *

"*Q.* All I asked you was you knew that this was your deed, your conveyance, to this property, is that right?

"*A.* Yes.

"*Q.* All right, and you signed it for that reason and your wife signed it, didn't both of you sign it?

"*A.* Yes, I haven't talked to Mr. Singerman since that time. That's 12 years ago. * * *

"*Q.* When you went into Mr. Bennett's office to sign this paper, you say, you had made up your mind to sign, had you not?

"*A.* I did."

In the case at bar plaintiffs are the sole devisees of Maria Groth, while plaintiff Albert H. Groth is the executor of the will of Maria Groth. Both plaintiffs signed the deed individually. It clearly appears that both plaintiffs knew they were signing a deed to the Church street property. Plaintiffs have failed to meet the burden of proof of establishing misrepresentation or fraud. We are in accord with the action of the trial court in dismissing plaintiffs' bill of complaint for the reasons stated concerning failure of proof on the issue of fraud. In view of our determination on this issue, we find no need to discuss the question of laches.

The decree of the trial court is affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.